Scofield, J.,
delivered the opinion of the court:
The claimant is the executrix of Edward A. Rodget, deceased, late a professor of mathematics in the Navy, and seeks to recover $3,200 alleged to be due the decedent’s estate under the Act June 3,1883 (22 Stat. L., 473). That act is as follows:
“And all officers of the Navji shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service bad been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service: Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: Provided, further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy.”
*169 The facts are as follows :
July 8, 1864, the decedent was commissioned a professor of mathematics in the Navy, to rank from May 21, 1864.
August 1, 1864, less than a month after being so commissioned, he became sixty-two years of age, and upon that day was placed upon the retired list, under the Act December 21, 1861 (12 Stat. L., 329 ; Rev. Stat.’, § 1444).
Notwithstanding such retirement he was continued on active duty until June 30, 1873, at which time he was relieved under the Act March 3,1873 (17 Stat. L., 547; Rev. Stat., § 1462).
While performing such duty he received the full shore pay of his grade ($2,400 a year) during the first five years of service, and thereafter $2,700 a year, under the Act July 15, 1870 (16 Stat. L., 33).
From July 1, 1873, until his death, November 9,1887, he was paid at the rate of $1,800 a year, which was 75 per cent, of the pay fol the grade which he held at the time of retirement (Rev. Stat., § 1588).
Upon these facts the claimant contends that the act of 1883 above quoted in effect provides that the decedent’s pay shall be calculated as if all his service had been rendered on the active list, and he had been retired July 1,1873, in his second five years of service, instead of August 1, 1864, in his first. In other words, we are to antedate the retired service and postdate the time of retirement.
' This construction would entitle the claimant to recover, at the rate of $225 a year, from July 1, 1873, to November 9, 1887.
We do not «agree to this construction. In the case of The United States v. Foster (128 U. S. R.), the Supreme Court said :
“ The acts of 1882 and 1883 do not require or authorize a restatement of the pay accounts of an officer of the Navy who served in the regular or volunteer Army or Navy, so as to give him credit in the grade held by him prior to their passage, for the time he served in the Army or Navy before reaching that grade. Congress only intended to give him credit in the grade held by him, after those acts tooh effect, for all prior services, whether as an enlisted man or officer, counting such services, however separated by distinct periods of time, as if they had been continuous and in the regular Navy in the lowest grade having graduated pay held by him since last entering the service.”
The petition of the claimant will be dismissed.